IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **JUSTIN JONES**, Defendant. | No. 1:15-cr-00288-MC<br><br>OPINION AND ORDER |

**MCSHANE, Judge**:

Defendant Justin Jones moves for compassionate release based on the circumstances of the rapidly evolving COVID-19 pandemic. Because Mr. Jones remains a danger to the community, his Motion for Compassionate Release, ECF No. 76, is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to

1 – OPINION AND ORDER

reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Jones's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Jones is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## **DISCUSSION**

Mr. Jones is serving a sentence of 155 months, with a projected release date of August 29, 2026. Gov.'s Resp. 2, ECF No. 101. Mr. Jones is 44 years old and suffers from chronic Hepatitis C. Supp. Mem in Supp. of Mot. to Reduce Sent. 7, ECF No. 93. When left untreated, chronic Hepatitis C can weaken the immune system and leave an individual susceptible to severe COVID-19 infection. *See United States v. Marquez*, No. 1:19-CR-00173, 2020 WL 6044319, at *5 (E.D. Cal. Oct. 13, 2020) ("Hepatitis C, as a general matter, damages the liver and weakens the immune system, which in turn may establish extraordinary and compelling reasons justifying compassionate release amid the COVID-19 pandemic."). Mr. Jones is also serving his prison term at USP Atwater, which is experiencing a surge in COVID-19 infections, with over 250 inmates testing positive at some point.[1] *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS,

---

[1] The Court agrees with Mr. Jones and other district courts that when reviewing the self-reported data from the Bureau of Prisons, it is with a skeptical eye towards the swiftness with which inmates supposedly recover. *See United States v. Nassar*, No. 2:17-CR-00104-KJM-1, 2020 WL 6484181, at *2 (E.D. Cal. Nov. 4, 2020) ("[D]istrict courts, including this court, have expressed skepticism of facially reassuring epidemiological statistics from the Bureau of Prisons.").

2 – OPINION AND ORDER

https://www.bop.gov/coronavirus/ (last visited Jan. 12, 2021 at 9:28 a.m.). Because of the ongoing COVID-19 pandemic and Mr. Jones's underlying health conditions, he may have met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. Jones has met the extraordinary and compelling reasons criteria, Mr. Jones has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

Mr. Jones's sentence stemmed from his decision to rob a bar in Medford, Oregon in 2015. Pre-Sentence Report ("PSR") ¶17, ECF No. 47. Mr. Jones stole $500 after brandishing a firearm and pointing it at an employee. PSR ¶17. And while in custody on federal charges, Mr. Jones was charged by the Jackson County District Attorney's office with supplying contraband in jail. PSR ¶69. Those charges were dropped as part of his plea agreement in this case. *See* Gov.'s Resp. 2 (citing Plea Agreement ¶7, ECF No. 44). This was also not Mr. Jones's first conviction. Less than a year before robbing the Medford bar, Mr. Jones had been released from state prison for a conviction related to robbing a convenience store in a nearly identical manner. Gov.'s Resp. 5.

3 – OPINION AND ORDER

Mr. Jones insists that he has made significant strides in custody, which the Court recognizes. But ultimately, Mr. Jones has failed to demonstrate that he is no longer a danger to the community because of his actions in threatening innocent victims with a firearm in two nearly identical crimes. Thus, the 18 U.S.C. § 3142(g) factors weigh against Mr. Jones and the Court finds that he remains a danger to the community.

## CONCLUSION

For these reasons, Mr. Jones's Motion for Compassionate Release, ECF No. 76, is DENIED.

IT IS SO ORDERED.

DATED this 26th day of January, 2021.

                                                  ___s/Michael J. McShane_____
                                                  Michael J. McShane
                                                  United States District Judge