IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JUSTIN JONES**,

    Defendant.

No. 1:15-cr-00288-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Justin Jones moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction of Hobbs Act robbery is no longer a "crime of violence" after the Court's decision in *United States v. Davis*. *See* 139 S. Ct. 2319 (2019) (finding that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague). Because Hobbs Act robbery remains a "crime of violence," Mr. Jones's motion to vacate his sentence, ECF No. 91, is DENIED.

## **LEGAL STANDARD**

A federal prisoner in custody under sentence may move the sentencing court to vacate, set aside, or correct the sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637

(1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

## DISCUSSION

As the Government noted in its response, the Ninth Circuit has already found that Hobbs Act robbery remains a crime of violence under the "elements clause" of 18 U.S.C. § 924. Gov.'s Resp. 5, ECF No. 100; *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020). Like Mr. Jones, Monico Dominguez also challenged his Hobbs Act robbery conviction as not qualifying as a crime of violence following *Davis*. *Id.* at 1258 (citing *Davis*, 139 S. Ct. at 2324). While Mr. Dominguez argued that he could not be convicted under the remaining constitutional part of the statute, the elements clause, the panel disagreed. *Id.* at 1260. Using the categorical approach, the *Dominguez* court instead found that "Hobbs Act robbery . . . is categorically a crime of violence under the elements clause, because it 'requires at least an implicit threat to use . . . violent physical force.'" *Id.* (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017)).

Despite this precedent, Mr. Jones insists that *Dominguez* is not controlling because it ignores "the precise argument that Mr. Jones has raised in his petition." Def.'s Reply 2, ECF No. 104. From Mr. Jones's perspective, no court has ever considered his contention "that threats of future (rather than immediate) injury to property (rather than persons) can qualify as crimes of violence under the elements clause."[1] *Id.* at 2–3. (citations omitted). But the *Dominguez* court was clear in its categorical analysis that it was considering the "least serious" form of Hobbs Act robbery in its decision. 954 F.3d at 1260. And as noted in *Dominguez*, the categorical analysis does

---

[1] Mr. Jones points to *United States v. Chea*, No. 4:98-cr-40003-2-CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019) as an on-point treatment of his argument, but *Chea* was decided without the benefit of *Dominguez*. Thus, Mr. Jones's reliance on *Chea* is unavailing.

2 – OPINION AND ORDER

not require a court to consider every possible set of facts. *Id.* ("We need not analyze whether the same would be true if the target were 'intangible economic interests,' because Dominguez *fails to point to any realistic scenario* in which a robber could commit Hobbs Act robbery by placing his victim in fear of injury to an intangible economic interest." (emphasis added)). The Court therefore agrees with the Government that this Court is bound by *Dominguez* and that Mr. Jones's argument must fail. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("Under our law of the circuit doctrine, a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so." (quotations and citations omitted)).

Because the *Dominguez* decision is binding, Mr. Jones's conviction stands as a crime of violence under 18 U.S.C. § 924(c)(1)(A).

## **CONCLUSION**

For these reasons, Mr. Jones's motion to vacate his sentence, ECF No. 91, is DENIED.

IT IS SO ORDERED.

DATED this 8th day of February, 2021.

                                     _s/Michael J. McShane_____
                                     Michael J. McShane
                                     United States District Judge