IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

    Plaintiff,

v.

JUSTIN JONES,

    Defendant.

Case No. 1:15-cr-00288-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Justin Jones moves for the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, Mr. Jones's Motion to Reduce Sentence, ECF No. 110, is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## **DISCUSSION**

Mr. Jones argues that the severity of his original sentence has been increased because of harsh prison conditions related to combating the ongoing COVID-19 pandemic. Def.'s Mot. to Reduce 3, ECF No. 110. The Government opposes Mr. Jones's motion, arguing the Court lacks jurisdiction to modify Mr. Jones's sentence and that Mr. Jones continues to pose a danger to the public. Gov.'s Resp. to Def. Mot. to Reduce 2–5, ECF No. 115. Other courts in this district, while dealing with similar issues, have noted:

> "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted); *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). This rule applies in criminal cases. *United States v. Coleman*, 688 F.2d 663, 664 (9th Cir. 1982) (citing *Berman v. United States*, 302 U.S. 211, 214 [(1937)]).

*United States v. Lizarraras-Chacon*, No. 3.11-cr-00517-HZ, 2020 WL 6540429, at *2 (D. Or. Nov. 05, 2020) (Hernández, C.J.).

On February 22, 2021 Mr. Jones appealed the Court's denial of Mr. Jones's Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255. *See* Op. and Order, ECF No. 109; Def.'s Notice of Appeal 1, ECF No. 111. Mr. Jones now asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Although Mr. Jones's motions are separate arguments arising under different statutes, both deal with the length and fairness of Mr. Jones's sentence and "concern the same core issue." *Lizarraras-Chacon*, 2020 WL 6540429, at *2. The Court thus likely lacks jurisdiction over Mr. Jones's motion.

But even if the Court were to assume that it has jurisdiction, Mr. Jones has failed to show that he warrants a sentence reduction. As the Court noted, Mr. Jones's sentence stemmed from his decision to rob a bar, where he stole $500 and pointed a firearm at an employee. Op. and Order 3, ECF No. 108. Less than a year before robbing the bar, Mr. Jones had been released from state prison for a conviction related to robbing a convenience store in a nearly identical manner. *Id*. Mr. Jones has not shown that circumstances have changed since he first moved for compassionate release. As a result, the Court comes to the same conclusion, that Mr. Jones has failed to demonstrate that he is no longer a danger to the community.[1] *Id.* at 3–4.

## CONCLUSION

For these reasons, Mr. Jones's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i), ECF No. 110, is DENIED.

---

[1] The Court's analysis does not change just because Mr. Jones now seeks a sentence reduction, rather than the immediate release he originally sought. *Compare* Def.'s Mot. for Compassionate Release, ECF No. 76, *with* Def.'s Mot. to Reduce, ECF No. 110.

IT IS SO ORDERED.

DATED this 10th day of May 2021.

                                                 s/Michael J. McShane  
                                                Michael J. McShane  
                                                United States District Judge