IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.

**JUSTIN JONES,**

    Defendant.
_____

**No. 1:15-cr-00288-MC**

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Justin Jones seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. Def.'s Mot., ECF No. 128. Because of the need to avoid unwarranted disparities in sentencing among similarly situated defendants, his Motion for Sentence Reduction is GRANTED.

## BACKGROUND

On November 13, 2017, Mr. Jones pled guilty to a three-count indictment charging Felon in Possession of a Firearm, Interference with Commerce by Robbery, and Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. Pre-Sentence Report ("PSR") ¶¶ 1–3, ECF No. 47. Under the plea agreement, the Jackson County District Attorney's Office agreed to dismiss pending charges against Mr. Jones for Supplying Contraband. *Id.* ¶¶ 9, 113. The PSR indicates that Mr. Jones had a criminal history score of 10, two of which were status

1 – OPINION AND ORDER

points stemming from the fact that he was on criminal supervision at the time of the offense. *Id.* ¶¶ 65–67. With a total offense level of 19 and a criminal history score of V, Mr. Jones's resulting guideline range was 57-71 months for Counts 1 and 2. *Id.* ¶ 94. Count 3 had an 84-month mandatory consecutive minimum sentence. *Id.* ¶ 92. On March 20, 2018, the Court imposed a 155-month sentence. Sentencing Tr. 13, ECF No. 64.

## STANDARDS

Under 18 U.S.C. § 3582,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This exception "does not authorize a resentencing[,]" but "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 831, 828 (2010).

In deciding whether to reduce a sentence under § 3582(c) based on a retroactive amendment to the Sentencing Guidelines, a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martinez-Rodriguez*, 2024 WL 65141, at *1 (D. Or. Jan. 5, 2024) (citing *Dillon*, 560 U.S. at 826).

## DISCUSSION

On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Sept. 26, 2024). The amendment applies retroactively. *See* U.S.S.G. § 1B1.10(d)–(e). Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1

by individuals who commit their offense while under a criminal justice sentence. *See Martinez-Rodriguez*, 2024 WL 65141, at *2 (explaining the scope of Amendment 821).

As an initial matter, the Government claims that Mr. Jones is not eligible for a sentence reduction because his sentence was not "based on" a subsequently reduced guideline range. Gov.'s Resp. 8, ECF No. 132. Instead, the Government argues, Mr. Jones's sentence is based on the parties' negotiated settlement. *Id*. While the Government is correct that some sentences are not based on the Guidelines, this is a "narrow exception to the general rule that, in most cases, a defendant's sentence will be 'based on' his Guidelines range." *Hughes v. United States*, 584 U.S. 675, 687–88 (2018). "[A]bsent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines," a defendant is eligible for relief under § 3582(c)(2) when their Guidelines range is retroactively lowered. *Id*. at 688. In fact, a "defendant's agreement to a particular sentence . . . has nothing to do with whether a defendant's sentence was based on the Sentencing Guidelines under § 3582(c)(2)." *Id*. at 689. In this case, the record does not clearly demonstrate that this Court would have imposed the same sentence regardless of the Guidelines. For the purposes of § 3582(c)(2), Mr. Jones's sentence was based on the Guidelines, making him eligible for relief.

The parties agree that Mr. Jones is facially eligible for a sentence reduction under Part A of Amendment 821. Gov.'s Resp. 8; Def.'s Mot. 13. At sentencing, Mr. Jones received 10 criminal history points, resulting in a criminal history category of V. PSR ¶ 67. Under Amendment 821, Mr. Jones would have received 9 criminal history points, resulting in a criminal history category of IV. Def.'s Mot. 13. This reduces his Guidelines range from 57-71 months to 46-57 months. *Id*.

Finding that Mr. Jones is facially eligible for a sentence reduction, this Court next considers any applicable § 3553(a) factors in determining whether to reduce his sentence. *Dillion*, 560 US

3 – OPINION AND ORDER

at 867. Mr. Jones argues that a 141-month total sentence reflects the nature and circumstances of his offense, affords adequate deterrence, and accounts for the dismissal of Mr. Jones's state charges. Def.'s Mot. 14. He notes that a reduced sentence will still result in him serving over 10 years in federal custody, which is empirically linked to a 29% reduction in recidivism. *Id.* (citing U.S. Sent'g Comm'n, *Length of Incarceration and Recidivism* 19 (2022)). Mr. Jones also points to his significant attempts to rehabilitate himself while incarcerated, including drug and alcohol treatment. Def.'s Mot. 16–17. He appears to have a stable release plan for his post-prison life. *Id.*

The Government argues that the § 3553(a) factors weigh against a sentence reduction. Gov.'s Resp. 10. Primarily, the Government argues that Mr. Jones's criminal history and prison disciplinary record outweigh his attempts at rehabilitation. *Id.* at 11–17. It also contends that a 155-month sentence is appropriate regardless of the Guidelines reduction, pointing to the joint recommendation, the global resolution, and a perceived risk of recidivism. *Id.* at 13.

Ultimately, this Court has discretion when deciding how to weigh the various § 3553(a) factors. *United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021). Being mindful of the directive to avoid unwarranted disparities among similarly situated defendants, a sentence reduction proportional to Mr. Jones's updated Guideline range is warranted. In Mr. Jones's case, the updated range of 46–57 months accounts for his criminal history and the circumstances of his offenses. Meanwhile, a sentence at the top of the guideline range is appropriate considering the global resolution. If Mr. Jones were sentenced today under the same circumstances, it seems likely that he would have received a 57-month sentence for Counts 1 and 2. A total sentence of 141 months is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

**CONCLUSION**

For these reasons, Mr. Jones's Motion for Sentence Reduction, ECF No. 128, is GRANTED. Mr. Jones's sentence is reduced to 141 months.

IT IS SO ORDERED.

DATED this 21st day of October, 2024.

                                            _s/Michael J. McShane_____
                                            Michael J. McShane
                                            United States District Judge